UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOROTHY BALABAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV1268 CDP |
| ) | |
| LINCOLN COUNTY ) | |
| AMBULANCE DISTRICT, et al., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On January 17, 2008, judgment was entered in this civil rights case in favor of plaintiff Dorothy Balaban. Balaban has now filed a bill of costs and a motion for attorney's fees under the Civil Rights Attorney's Fees Act of 1975, 42 U.S.C. § 1988(b). Defendants objected to some of Balaban's costs, and Balaban conceded that those costs are not taxable. Therefore, I will order the Clerk of the Court to tax cost in the amount of $5168.96. The parties continue to dispute the appropriate amount of attorney's fees. Defendants have challenged the reasonableness of the amount of fee charged by Balaban's attorney, William E. Moench, but they have not suggested what rate would be appropriate or provided any evidence to support any lower rate. Instead, they suggest that this Court should determine the appropriate rate based on its experience with the rates of trial

counsel in the St. Louis Metropolitan area. Defendants also argue that because Balaban recovered less than she sought her fee request should be similarly reduced. Finally, defendants challenge the fee award for paralegal services. After a careful examination of the record and case law, I will grant plaintiff's request in part with regard to the attorney's fees, but I will reduce some of the hours as excessive, redundant or otherwise unnecessary.

## **Discussion**

As the prevailing party in a civil rights action, Balaban is entitled to "reasonable" attorney's fees under § 1988. In order to determine the amount of a reasonable fee, I should employ the "lodestar" method where the starting point "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). Once I have determined that amount, I should consider a number of other factors to determine whether the fee should be adjusted upward or downward.[1] <u>Id.</u> at 434; <u>see also</u> <u>City of Riverside v. Rivera</u>, 477 U.S. 561, 568 n. 3 (1986).

---

[1] These factors are: (1) the time and labor required; (2) the novelty and difficulty o fthe questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesireability" of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases. <u>Johnson v. Georgia Highway Express</u>, 488 F.2d 714, 171 (5th cir. 1974).

In this case, Moench has submitted an affidavit seeking comensation for 376 hours of his time, 112.70 hours of the time of his paralegal Jeanelle Wiley, and 33.5 hours of the time of his law clerk Scott Hartl.[2]  After examining the entries, I find that the number of hours reasonable expended to be 372.3 hours by Moench,[3] 88.7 hours by Wiley,[4] and 33.5 hours by Hartl.

Next, I turn to the question of the reasonableness of the billing rates requested by Balaban.  Attorney's fees awarded under § 1988 should be "based on the market rate for the services rendered."  Missouri v. Jenkins, 491 U.S. 274, at 283 (1989).  Balaban has supported her claims concerning the reasonableness of the billing rates of Moench, Wiley, and Hartl with a number of affidavits and has provided the court with a number of cases where similar or higher billing rates were allowed.  Defendants challenge this rate, but do not suggest any other rate as reasonable and appropriate.  Instead, defendants urge this Court to lower the

---

[2] In her reply brief, Balaban requests additional attorney's fees for costs incurred as a result of defendants' challenge to the fee request.  Because I agree with defendants on some of their objections, I will not allow Balaban to receive the fees associated with responding to the objections.  See Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 n. 10 (1990).

[3] In reaching this conclusion, I deducted the following from Moench's time entries: 1 hour from 11/21/06, 2.4 hours from 12/18/06, and 1 hour from 1/26/07.  These time entries represented work that appears to be duplicative of work that was performed by Wiley.

[4] I am deducting the following: 1 hour from 9/27/07, 1 hour from 11/26/07, 9 hours from 1/14/08, 8.5 hours from 1/16/08, and 4.5 hours from 1/17/08.  Some of the work that Wiley performed appears to be clerical or secretarial in nature.  Additionally, I find that Wiley's presence during the entire trial was not necessary.

billing rate based on my own experience with the local legal market. Based upon my experience and the evidence presented by Balaban, I find that the billing rates of $350 for Moench, $100 for Wiley, and $75 for Hartl are reasonable. As a result, after using the lodestar method, multiplying the reasonable hours billed by the reasonable billing rate, I reach attorneys fees of $130,305.00 for Moench, $8870.00 for Wiley, and $2512.50 for Hartl.

Defendants also argue that I should reduce this award based on the important factor of the "results obtained." Generally, the "results obtained" issue is a factor when a plaintiff succeeds on at least one claim, but fails on a claim that is unrelated to the successful claim. Hensley, 461 U.S. at 434-35. In this case, Balaban prevailed on her claim against each of the defendants. Defendants appear to be arguing some variation of the "rule of proportionality" that has been rejected by the Eighth Circuit and Supreme Court. See Rivera, 477 U.S. at 573-79; see also Simpson v. Merchants & Planters Bank, 441 F.3d 572, 580-81 (8th Cir. 2006); Jackson v. Crews, 873 F.2d 1105, 1109-10 (8th Cir. 1989). "Because damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private la cases, to depend on obtaining substantial monetary relief." Rivera, 477 U.S. at 575. The jury's verdict for Balaban vindicated important constitutional rights, and

the public benefit exceeds the damages award and justifies a significant award of attorney's fees.  I do not believe that the results obtained in this case favor reducing the award of attorney's fees.

I have also considered each of the other relevant factors and find no reason to enhance or detract from the lodestar in this case.  Although this case was not overly complex, it did involve significant discovery and depositions and testimony of several witnesses.  Therefore, I conclude that attorney's fees of $141,687.50 are fair and reasonable, and shall be awarded.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for a bill of costs [#68] is granted to the extent that the Clerk of the Court shall tax costs in the amount of $5168.96.

**IT IS FURTHER ORDERED** that plaintiff's motion for attorneys fees [#66] is granted in the total amount of $141,687.50, and defendant's motion for reduction of fees [#72] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of April, 2008.